## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA            )
                                    )
v.                                  )          Criminal No. 3:17CR35–HEH
                                    )
ANTOINE DOUGLAS LAWS,               )
                                    )
        Petitioner.                 )

### MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Antoine Douglas Laws, a federal inmate proceeding *pro se*, submitted this motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion,"

ECF No. 72.)[1]  The Government filed a Response (ECF No. 78), and  Laws has filed a

reply.  (ECF No. 79).  For the reasons set forth below, the § 2255 Motion will be denied.

### I.      PROCEDURAL HISTORY

On March 22, 2017, a grand jury charged Laws with one count of possession of a

firearm by convicted felon in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 9 at 1.)

Following a jury trial, Laws was convicted of that offense.  (ECF No. 46.)  On September

8, 2017, the Court sentenced Laws to 115 months of imprisonment.  (ECF No. 56.)  On

August 20, 2018, the United States Court of Appeals for the Fourth Circuit affirmed the

decision of this Court.  (ECF No. 69.)

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.   The Court corrects the capitalization, punctuation, and spacing in quotations from the parties' submissions.

On June 18, 2020, Laws, with counsel, filed the present § 2255 Motion.  In the

§ 2255 Motion, Laws raises the following claims for relief:

Claim 1    "In this case, . . . the indictment was defective for failing to
           allege the knowledge-of-status element of a § 922(g) offense,
           and of course was also lacking a finding by the grand jury on
           this element, violating petitioner's Fifth Amendment rights to
           a grand jury and adequate notice of the charge."  (ECF No. 72
           ¶ 9.)

Claim 2    "[T]he government failed to present trial evidence that Petitioner
           knew the details of his prohibited status at the time of firearm
           possession, and the Court did not instruct on the *Rehaif* knowledge
           element, either.  No rational trier of fact could have found guilt
           beyond a reasonable doubt, such that petitioner's conviction violates
           due process."  (*Id.* ¶ 10 (citations omitted).)

Claim 3    "[T]he failure to instruct on an element of the offense is a violation
           of petitioner's Sixth Amendment right to have a complete verdict on
           every element of the offense."  (*Id.* ¶ 11 (citations omitted).)

As discussed below, Claims 1 through 3 are procedurally defaulted and barred from

review here.

## II.    PROCEDURAL DEFAULT

### A.    Error under *Rehaif*

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted

in any court of, a crime punishable by imprisonment for a term exceeding one year" to

possess a firearm.  A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who

"knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years.  In

*Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's

"innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of

[the] status" that renders firearm possession unlawful.  139 S. Ct. 2191, 2197 (2019).

Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200 (emphasis added).[2]

**B.      Laws Fails to Demonstrate Actual Prejudice or Actual Innocence**

Laws did not raise his *Rehaif* claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claims 1 through 3 are barred from review here because Laws could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). The Court need not determine whether Laws has shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

---

[2] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:

> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
>
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

In order to demonstrate prejudice, Laws has "the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021). Laws contends that he does not need to demonstrate actual prejudice, because a *Rehaif* error is a structural error and cites the decision of the United States Court of Appeals for the Fourth Circuit in *United States v. Gary*, 954 F.3d 194, 207 (4th Cir. 2020). The Supreme Court, however, has reversed the decision in *Gary* and concluded that, "[a] *Rehaif* error in jury instructions is . . . not structural." *Greer*, 141 S. Ct. at 2100.

Laws also asserts that he need not demonstrate prejudice for Claim 1 and cites *United States v. Medley* ("*Medly I*"), 972 F.3d 399, 410–11 (4th Cir. 2020), a case where a divided panel of the Fourth Circuit found that a failure to include the knowledge-of-status element in an indictment violated the defendant's substantial rights. However, *Medley I* was reheard *en banc* and thus *Medley I* was vacated. *See United States v. Medley* ("*Medley II*"), 828 F. App'x 923 (4th Cir. 2020). The Fourth Circuit ultimately remanded the case in accordance with the Supreme Court's ruling in *Greer v. United States*, 141 S. Ct. 2090 (2021). *United States v. Medley* ("*Medley III*"), No. 18–4789 (4th Cir. Oct. 6, 2021) (No. 105). Thus, Laws must demonstrate that he was prejudiced by the omission of the knowledge-of-status element from the indictment. *See, e.g., United States v. Lara*, 970 F.3d 68, 87–88 (1st Cir. 2020) (holding omission of *Rehaif* mens rea requirement from indictment was not plain error where evidence was overwhelming), *cert. denied sub nom. Williams v. United States*, 141 S. Ct. 2821 (2021); *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 2814 (2021) (same);

4

*see also United States v. Cotton*, 535 U.S. 625, 632–33 (2002) (concluding the omission of drug quantity from the indictment did not seriously affect the fairness, integrity or public reputation of judicial proceedings where the evidence was overwhelming).

The undisputed evidence establishes that the Government would have easily demonstrated that Laws was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *cert. denied*, 141 S. Ct. 2807 (2021).

Overwhelming evidence reflects that Laws knew of his felon status at the time of the firearm offense and the Government easily would have proven that fact if he had insisted on proceeding to trial. Namely, at the time of the present offense, Laws had on multiple, separate occasions been convicted of felonies and received sentences in excess of a year. (ECF No. 53 ¶¶ 28, 29, 31, 32, 33.) Of particular note is the fact that in 2013, Laws was found guilty of the crime of possession of a firearm by a convicted felon in the United States District Court for the District of Connecticut. (*Id.* ¶ 33.) In conjunction with his guilty plea for that offense, Laws completed a document titled, "PETITION TO ENTER PLEA OF GUILTY PURSUANT TO RULES 10 AND 11 OF THE FEDERAL

RULES OF CRIMINAL PROCEDURE." ("Petition to Enter Plea," ECF No. 77-1.) On

the Petition to Enter Plea, Laws explained, in his own words, that he was pleading guilty

because "I was convicted of felony prior to June 6, 2012. On June 6, I possessed a

firearm." (*Id.* at 11.) Furthermore, in the Stipulation of Offense Conduct signed by

Laws, Laws acknowledged:

> On or about June 6, 2012, . . . the defendant knowingly possess .25
> caliber ACP pistol and seven rounds of .25 caliber ammunition that were
> contained within the chamber and barrel of the firearm.
>         . . . .
> Prior to June 6, 2012 the defendant had been convicted of the
> following felonies in the State of Connecticut, Superior Court: (a) on or about
> August 22, 2003 Possession of a Stolen Firearm; (b) on or about August 22,
> 2003, Burglary Second; (c) on or about April 28, 2005, Sale of
> Hallucinogen/Narcotics; and (d) on or about April 16, 2009, Burglary Third.

(ECF No. 77-2 at 8 (paragraph numbers omitted).) Given the foregoing facts, Laws fails

to demonstrate any reasonable probability of a different result if the Government was

required to allege Laws's knowledge-of-status in the Indictment or prove that fact at trial.

This same information dispels any suggestion that Laws's actual innocence could

excuse his default.

### III.    CONCLUSION

Laws's claims will be dismissed. Laws's § 2255 Motion (ECF No. 72) will be

denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany the Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: **March 24, 2022**
Richmond, Virginia

6